UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RUDOLPH W GIULIANI,

                                        Plaintiff,

                    -against-

JOHN CATSIMATIDIS,
RED APPLE MEDIA, INC.,
WABC RADIO FOUNDATION INC., and
WABC RADIO, LLC

                                        Defendants.

-------------------------------------------------------------------X

Case Action No. ___ – _____ (__/__)

**NOTICE OF REMOVAL FROM THE SUPREME COURT OF THE STATE OF NEW YORK, <u>COUNTY OF NEW YORK</u>**

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT
       <u>COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

       **PLEASE TAKE NOTICE** that, upon the accompanying Declaration of Douglas J. Klein, Esq., including the exhibit annexed hereto, Defendants JOHN CATSIMATIDIS, RED APPLE MEDIA, INC., WABC RADIO FOUNDATION INC., and WABC RADIO, LLC ("Removing Defendants"), pursuant to 28 U.S.C. § 1332, 1441, and 1446, by and through their undersigned counsel, respectfully submit this Notice of Removal of a case captioned *Rudolph W Giuliani v. John Catsimatidis, et al.* in the Supreme Court of the State of New York, County of New York, Index No. 150486/2026, to the United States District Court for the Southern District of New York.[1]  As required by 28 U.S.C. § 1446(a), Removing Defendants set forth below a short and plain statement of the grounds for removal:

---

[1] By removing this action to this Court, Defendants do not waive any defenses, objections, or responsive pleadings available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, forum non conveniens, res judicata, or on any other applicable grounds.

## PROCEDURAL HISTORY

1.      Plaintiff Rudolph Giuliani commenced this action on January 12, 2026, by filing a Summons and Complaint in the Supreme Court of New York, County of New York. A copy of the Summons and Complaint is attached hereto as **Exhibit ("Ex.") A**.

2.      As set forth in the Complaint, Plaintiff seeks money damages for violations of the New York City Human Rights Law. *See* **Ex. A**, Complaint, at 5-6, Prayer for Relief. Removing Defendants deny all of Plaintiff's allegations of wrongdoing.

3.      Upon information and belief, none of the Defendants has been properly joined or served in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

## VENUE

4.      Venue of this action lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1391(a) because this District encompasses the Supreme Court of the State of New York, County of New York, the forum in which the present proposed removed action was filed and pending.

## GROUNDS FOR REMOVAL

5.      This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Complete diversity presents between the parties. No Defendant who is a citizen of Florida has been properly joined and served, and upon information and belief, the amount in controversy exceeds $75,000, exclusive interest and costs.

2

**I.    THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES AND DEFENDANTS HAVE NOT BEEN PROPERLY JOINED AND SERVED.**

6.    To invoke diversity jurisdiction, the removing party must show complete diversity "at the time when the state complaint was filed" and "at the time of removal." *See Webb v. Harrison*, No. 14-cv-5366 (RJS), 2015 U.S. Dist. LEXIS 13959, at *4 (S.D.N.Y. Feb. 5, 2015). Here, diversity jurisdiction exists because Plaintiff was **not** a citizen of New York at the time when Plaintiff filed the state Complaint, and strong evidence is that Plaintiff was and is a citizen of Florida.

7.    Nowhere in the Complaint does Plaintiff state his citizenship when he filed the state Complaint on January 12, 2026. Plaintiff alleges only that he **was** a citizen of the State of New York, County of New York "at the time of the [alleged] discriminatory actions contained herein." *See* **Ex. A**, at ⁋ 5. This statement is tantamount to an assertion that Plaintiff was **not** a New York citizen when Plaintiff commenced this action on January 12, 2026, and thereafter. As described in detail in Paragraphs 8 through 10 below, all Defendants were and are citizens of New York. On such basis alone, diversity jurisdiction exists.

8.    Where removal is based on diversity jurisdiction, "[t]he district court's inquiry cannot be limited to the complaint . . . because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties…may not appear in the state court complaint." *See Webb*, 2015 U.S. Dist. LEXIS 13959 at *5-6. Here, strong evidence is that Plaintiff was a citizen of Florida when Plaintiff filed the state Complaint, and remains a citizen of Florida. On July 15, 2024, the Clerk of the Circuit Court, Palm Beach County, Florida recorded a Declaration of Domicile signed by Plaintiff ("Domicile Declaration"). A true and correct copy of the Domicile Declaration is attached as Ex. A to Declaration of Douglas J. Klein in Support of

3

Notice of Removal. The Domicile Declaration states that Plaintiff resides in Palm Beach, "which place of abode [Plaintiff] recognize[s] and intends to maintain as [his] permanent home and . . . [Plaintiff[] intend[s] to continue it permanently as such." Thus, Plaintiff's domicile subsists as Florida until present for the purpose of analyzing diversity jurisdiction here. *See Pizarro v. Langer Transp. Corp.*, No. 21-cv-5439 (ER), 2021 U.S. Dist. LEXIS 222178 (S.D.N.Y. 2021) (complete diversity exists when the removing party established non-removal party's satisfying domicile and non-removal party failed to prove otherwise with clear and convincing evidence). As such, at the time Plaintiff commenced this action, and at all times since then, Plaintiff was and is a citizen of Florida.

9. At the time Plaintiff commenced this action, and at all times since then, Defendants Red Apple Media, Inc. and WABC Radio Foundation Inc. were and are corporations organized and existing under the laws of the State of New York, with their principal place of business located in New York, and therefore they are citizens of New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

10. At the time Plaintiff commenced this action, and at all times since then, Defendant John Catsimatidis was and is a resident and a citizen of New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

11. At the time Plaintiff commenced this action, and at all times since then, WABC Radio, LLC was and is a citizen of the State of New York as WABC Radio, LLC's sole member John Catsimatidis was and is a resident and citizen of New York, for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

12. As such, this action involves "citizens of different States." 28 U.S.C § 1332(a). Plaintiff is, upon information and belief, a citizen of the State of Florida. *See* Klein Decl.,

4

Ex. A, and Defendants are citizens of the State of New York. And, because Defendants have not been properly joined or served in this action, removal of this action is proper under 28 U.S.C. § 1441(b)(2). *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

## II.    THE AMOUNT-IN-CONTROVERSY MEETS REQUIREMENT.

13.    The amount-in-controversy requirement is satisfied in this action because it is clear on the face of Plaintiff's Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

14.    A removing party only needs to demonstrate "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *See Brown v. Richer-Guinard*, No. 19-CV-5914 (AJN), 2020 U.S. Dist. LEXIS 95535, at *3 (S.D.N.Y. June 1, 2020); *see also United Food & Comm'l Workers Union v. Centermark Properties Mereden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004). The amount in controversy as described in the Complaint, while not specifically enumerated, is poised to contemplate an amount exceeding the sum or value of $75,000.00. Specifically, Plaintiff seeks compensatory damages of back pay and front pay, damages to compensate Plaintiff for alleged emotional distress, an award of punitive damages, attorneys' fees and costs, and any other damages to be determined at trial. *See* **Ex. A**, Complaint, at 5-6 ("PRAYER FOR RELIEF").

## III.    ADDITIONAL PROCEDURAL REQUIREMENTS

15.    Defendants' removal is timely because fewer than 30 days passed since Plaintiff filed the Summons and Complaint on January 12, 2026. *See* 28 U.S.C. § 1446(b).

16.    Plaintiff's Summons and Complaint provide a sufficient basis for removal because it is clear on the face of the Complaint that the requirements of 28 U.S.C. § 1332(a) are satisfied, as described in detail above.

17.     Pursuant to 28 U.S.C. § 1446(a), a copy of all documents filed in the state court is attached hereto as **Ex. A**. An index identifying each document filed in the state court action is attached as **Ex. B.**

18.     In accordance with 28 U.S.C. § 1446(d), Removing Defendants have promptly provided written notice of the filing of the original Notice of Removal to Plaintiff and filed a copy of the Notice along with the original Notice of Removal to Federal Court with the Court of the Supreme Court of New York, County of New York, where the action was pending.

19.     Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**WHEREFORE**, notice is given that this action is removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
      January 20, 2026

Respectfully submitted,

JACKSON LEWIS P.C.

666 Third Avenue, 28th Floor
New York, New York 10017
Tel.: (212) 545-4000
Fax: (212) 972-3213
Douglas.Klein@jacksonlewis.com
Richard.Sui@jacksonlewis.com

By:    S/ Douglas J. Klein
      Douglas J. Klein, Esq.
      Xinlai Richard Sui, Esq.

*Attorneys for Defendants*