# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

RUDOLPH W GIULIANI,              )   Index No.:
                                 )
              Plaintiff,         )
                                 )   **SUMMONS**
      -against-                  )
                                 )   Plaintiff Demands a
JOHN CATSIMATIDIS,               )   Trial by Jury
RED APPLE MEDIA, INC.,           )   Basis of Venue:
WABC RADIO FOUNDATION INC., and  )   Defendants' Residence
WABC RADIO, LLC,,                )
                                 )
              Defendants.        )
                                 )

---

**TO THE ABOVE NAMED DEFENDANTS**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: January 12, 2026
New York, New York

                                     LEVINE & BLIT, PLLC

                                     _____
                                     Matthew J. Blit, Esq.
                                     Levine & Blit, PLLC
                                     *Attorneys for Plaintiff*
                                     350 Fifth Avenue, Suite 4020
                                     New York, NY 10118
                                     Phone: (212) 967-3000
                                     Fax:   (212) 967-3010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RUDOPLH W. GIULIANI,

        Plaintiff,

-against-

JOHN CATSIMATIDIS, RED APPLE MEDIA, INC.,
WABC RADIO FOUNDATION INC., and
WABC RADIO, LLC,

        Defendants.

Index No.

**COMPLAINT**

Plaintiff RUDOLPH W. GIULIANI ("Giuliani" or "Plaintiff"), by and through his attorneys, Levine & Blit, PLLC, complaining of defendants JOHN CATSIMATIDIS ("Catsimatidis"), RED APPLE MEDIA, INC. ("Red Apple Media"), WABC RADIO FOUNDATION INC. ("WABC Foundation") and WABC RADIO LLC ("WABC") (collectively, "Defendants"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil action to remedy Defendants' unlawful retaliation in violation of the New York City Human Rights Law, codified as the Administrative Code of the City of New York § 8-101, *et seq.* ("NYCHRL").

2. Plaintiff seeks an award of monetary damages for the economic losses caused by Defendant's unlawful retaliatory act; compensatory damages; statutory damages, prejudgment interest; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to CPLR § 301.

4. Venue is proper in this Court pursuant to CPLR § 503.

## PARTIES

5. Plaintiff is an adult male and was a citizen of the State of New York, County of New York at the time of the discriminatory actions contained herein.

6. Upon information and belief, Catsimatidis is a citizen of the State of New York and resides in New York County.

7. Catsimatidis is the owner and operator of Red Apple Media, WABC Foundation and WABC.

8. Upon information and belief, Defendant Red Apple Media is a Delaware corporation with a principal place of business located at 800 Third Avenue, Fifth Floor, New York, NY 10022.

9. Upon information and belief, Defendant WABC Foundation is a New York not-for-profit corporation with a principal place of business located at 800 Third Avenue, Fifth Floor, New York, NY 10022.

10. Upon information and belief, Defendant WABC is a New York limited liability company with a principal place of business located at 800 Third Avenue, Fifth Floor, New York, NY 10022.

11. Red Apple Media is a New York-based media company that owns and operates WABC New York (770), among other media outlets.

12. At all times relevant to this Complaint, Defendants were an "employer" as defined by the NYCHRL.

2

station management, including Defendant Catsimatidis and WABC Radio President Chad Lopez, on several occasions, including approximately one month before his retaliatory suspension/termination in May of 2024.

21. Defendants have publicly stated that Giuliani was terminated for violating a company policy regarding discussions of the 2020 Presidential election and the use of electronic voting machines. However, no such policy ever existed, and this pretextual excuse was only concocted to camouflage the true retaliatory motive against Giuliani only after he raised concerns about the sex-based discriminatory treatment to which Dr. Ryan was subjected.

22. The Defendants' actions were motivated by a desire to silence Giuliani and to retaliate against him for his advocacy on behalf of his co-host, Dr. Ryan, who was being treated unfairly based on her sex.

23. Rather than addressing Giuliani's legitimate complaints about the discriminatory treatment of his co-host, Defendants retaliated against him by suspending and ultimately terminating his employment

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(Retaliation and Wrongful Termination in Violation of the NYCHRL)**

24. Plaintiff hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 23, as if fully set forth therein.

25. Pursuant to the NYCHRL, it is an unlawful employment practice for an employer to discharge or expel an employee because the individual has opposed discriminatory practices based on discrimination in the workplace.

26. Plaintiff engaged in protected activities.

27. Defendants were aware Plaintiff engaged in protected activities.

4

28. Pursuant to the acts and practices alleged above, Defendants subjected Plaintiff to an adverse employment action because he engaged in protected activities.

29. As a direct and proximate result of the Defendants' unlawful retaliatory conduct, Plaintiff has suffered, and continues to suffer, lost wages, severe mental anguish and emotional distress, including but not limited to, humiliation and embarrassment, for which he is entitled to an award of compensatory damages and other relief.

30. Defendants' unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, and were done with knowing or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendants have violated the anti-retaliation provision of the NYCHRL;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiff representing the economic losses sustained as a result of the violations of the NYCHRL, including back pay and front pay;

d) An order awarding compensatory damages to Plaintiff arising from the emotional distress and mental anguished caused by Defendants' unlawful conduct;

e) An order awarding punitive damages to Plaintiff;

f) An order awarding prejudgment interest;

g) An award of Plaintiff's reasonable attorney's fees;

h) An award of the Plaintiff's costs of this action; and

i) Any such other and further relief this court deems just and equitable.

Dated:  January 12, 2026
        Rye Brook, New York

LEVINE & BLIT, PLLC

_____
Matthew J. Blit, Esq.
*Attorneys for Plaintiff*
800 Westchester Avenue, Suite S-322
Rye Brook, NY 10573
Tel. (212) 967-3000
mblit@levineblit.com

6